THOMAS M. REDDY, Plaintiff, *v.* ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LIMITED, WALLABOUT BUTTER & EGG CO., INC., and BRUNO ANDREWS, Defendants.

Supreme Court, Special Term, New York County, March 6, 1939.

*Hayt & Hayt*, for the plaintiff.

*Andrews, Baird & Shumate* [*James M. Baird* of counsel], for the Zurich General Accident & Liability Insurance Company, Limited, and Wallabout Butter & Egg Co., Inc.

NOONAN, J. This is a motion by plaintiff for summary judgment against defendants Wallabout Butter & Egg Co., Inc., and Zurich

General Accident & Liability Insurance Company, Limited. The motion purports to be based upon subdivisions 1, 6 and 7 of rule 113 of the Rules of Civil Practice.

The facts are as follows: One Andrews sustained personal injuries and suffered property damage as the result of a collision he had with an automobile owned by the defendant Wallabout Butter & Egg Co., Inc. (hereinafter referred to as Wallabout), and insured by defendant Zurich General Accident & Liability Insurance Company, Limited (hereinafter called Zurich). His injuries were treated at the Beekman Street Hospital, which is plaintiff's assignor. Apparently unable to pay for the treatment that he received he executed an instrument reading in part as follows:

" *To Wallabout Butter and Egg Co. and/or Zurich General Accident and Liability Ins. Co.*

" SIRS: I hereby direct and authorize you to pay to The Beekman Street Hospital in the City of New York the sum of $190 now due from me for hospitalization and/or medical, surgical or other services, which amount I hereby transfer, assign and set over unto said institution, to be deducted and paid by you out of any moneys that may hereafter become payable to me or anyone in my behalf from you as indemnitor, agent, attorney or other capacity upon settlement, judgment or otherwise of my alleged claim against Wallabout Butter and Egg Co. or others for personal injuries or other damage sustained by me in accident on or about the 11th day of June, 1938. It is distinctly understood that this is not an assignment of my claim or any part thereof, but of part of the proceeds as herein provided, as if same were now due and payable to me and presently existing as a liquidated amount.

" I expressly instruct you not to pay to me or anyone in my behalf any moneys on account of my aforesaid claim until you have ascertained from and retained in trust for such hospital the entire amount due it from me out of said proceeds. I direct you to pay said institution by separate check to its order without further notice to me, and authorize such assignee to collect the assigned sums. * * * Any adjustment or payment of my claim or cause of action is understood to include and be subject to the terms of this agreement. This assignment is independent of and in addition to Section 189 of the Lien Law."

After copies of this instrument, the original of which had been signed by Andrews, were served upon defendants Wallabout and Zurich, the latter defendant settled Andrews' claim for personal injuries for $250 and his claim for damage to his truck and merchandise for $219, and paid these sums to him in disregard of the " assignment " to the hospital.

In this action, which is brought by plaintiff, as assignee of the Beekman Street Hospital, against Zurich, Wallabout, and also against Andrews, who, however, was not served, the following specific relief is sought:

" 1. That the defendants account and be directed to account for all moneys received by them pursuant to the assignment and order * * * and that plaintiff have judgment for the sum of $190. 2. That the said sum of $190 be declared a trust fund held in trust by the defendants for the benefit and use of plaintiff and that the defendants account and be directed to account to plaintiff for the aforesaid trust fund and for all damages resulting to plaintiff for their failure to fulfill their duties as trustees of said fund, and that said defendants be directed to pay over said sum to the plaintiff. 3. That a lien be impressed upon the proceeds of the aforesaid settlement of the claim of the defendant Andrews in favor of the plaintiff to the extent of $190 pursuant to the aforesaid assignment and order."

Section 189 of the Lien Law may be disregarded. It is not relevant to this action.

I am of the opinion that the " assignment " attached to the proceeds of the settlement of the claim of Andrews, and became effective, in equity, as soon as the settlement was consummated. (Cf. *Hinkle Iron Co.* v. *Kohn*, 229 N. Y. 179, 183; *Williams* v. *Ingersoll*, 89 id. 509. See, also, *Richard* v. *National Transportation Co., Inc.*, 158 Misc. 324.)

It is scarcely necessary to consider the applicability of subdivision 1 of section 41 of the Personal Property Law, prohibiting assignments of claims for personal injuries, as the settlement of the property damage claim exceeded $190, and the instrument executed by Andrews specifically covered not only his claim for personal injuries, but also for " other damage sustained by me in accident on or about the 11th day of June, 1938." This is broad enough to include the settlement of the property damage claim.

The action, as pleaded, is not within subdivision 1 of rule 113 of the Rules of Civil Practice. That subdivision relates only to actions at law. Nor does it come within subdivision 7.

The question is whether the action is within the scope of subdivision 6 of rule 113 of the Rules of Civil Practice, whether it is brought " To enforce * * * a lien." The gist of plaintiff's claim is that the defendant Zurich, for and in behalf of the defendant Wallabout, paid out moneys to Andrews in willful disregard of what may properly be considered the equitable lien of the plaintiff's assignor upon those moneys. The provisions of rule 113 of the Rules of Civil Practice should not be narrowly construed.

Broadly speaking, the case is one to enforce an equitable lien upon a specific fund. In *Williams* v. *Ingersoll* (*supra*, at p. 523) it was said by EARL, J.: "We must, therefore, hold that the plaintiffs had an assignment of or lien upon the award, good and effectual against the assignor Heath, and his attaching creditor." (See, also, *Field* v. *Mayor of New York*, 6 N. Y. 179, 187.)

The nature of the action is not altered by the fact that the defendant Zurich has already paid the fund to Andrews in violation of the rights of plaintiff's assignor. As an incident of this action to enforce the lien, defendants Zurich and Wallabout may be required to account for, to pay over, to plaintiff, the amount covered by the lien, though theretofore distributed by them and thus dissipated. It is suggested in *Williams* v. *Ingersoll* (*supra*, at p. 520) that payment of the fund by the debtor, "even with knowledge of the assignment," might make a difference, that it would present a "difficulty." However, I can see no convincing reason why it should. (In this connection also, see *Field* v. *Mayor of New York*, *supra*, at pp. 188, 189.)

The motion is granted. Plaintiff may have a decree requiring defendants Zurich and Wallabout to pay to him the sum of $190.

Settle order and decree.