**Saul SPERLING, Plaintiff,**

v.

**Henry L. McCARTHY, Commissioner of Welfare of the City of New York, and John L. Daughtry, Defendants.**

United States District Court
S. D. New York.
July 23, 1956.

Charles A. Ellis, New York City, for plaintiff.

Peter Campbell Brown, Corp. Counsel, New York City, for Henry L. McCarthy, Commissioner of Welfare. Philip Sokol, Sp. Asst. Corp. Counsel, New York City, of counsel.

LEVET, District Judge.

Motion is made by the defendant Henry L. McCarthy, Commissioner of Welfare of the City of New York, for an order directing judgment in his favor against the defendant John L. Daughtry, and for other relief.

The facts as revealed by the pleadings herein are as follows:

Plaintiff, Saul Sperling, is an attorney at law who represented the defendant Daughtry, an American seaman, in an action brought under the Jones Act, Title 46 U.S.C.A. § 688, for injuries sustained on January 12, 1951 while a member of the crew of the S/S Yugoslavia Victory, owned and operated by the New York Cuba Mail Steamship Company. This action was settled on or about January 19, 1954, for the sum of $13,100. All except the sum of $3,122.94 was paid out; in part to the plaintiff Sperling for counsel fees and expenses and in part to the defendant Daughtry.

Prior to the settlement of this action the defendant McCarthy, as Commission-

er, transmitted to plaintiff a purported assignment of the proceeds of the lawsuit above mentioned, allegedly executed by the defendant Daughtry. The assignment amounted to the said sum of $3,122.94, and pending settlement of the adverse claims between the two abovementioned defendants, the plaintiff retained the said sum in a special account. Consequently, and after the institution of an action in the City Court of the City of New York by McCarthy, as Commissioner, against plaintiff Sperling as a defendant, this interpleader action was commenced by the present plaintiff, Sperling, who has deposited the amount in question into the Registry of this Court. The defendant McCarthy interposed an answer and cross-claim against the defendant Daughtry. Daughtry is, in effect, in default as to any answer, although he did appear, according to the record, at a pretrial hearing held before Judge Knox of this Court on June 4, 1956, at which time he was advised to secure a lawyer.

The motion papers were served by mail upon the said defendant Daughtry addressed to 425 West York Street, Norfolk, Virginia and c/o Seamen's Institute, 25 South Street, New York, N. Y. From a letter addressed to Judge Knox, dated June 16, 1956, referred to me by Judge Knox, it would appear that the defendant Daughtry received the notice of motion herein; that he attempted to secure an attorney, but was not able to do so. Apparently, there is some contention by Daughtry that under the Jones Act and other "seamen's laws," the money should not be paid to the Commissioner of Welfare.

The Commissioner of Welfare is entitled to recover from Daughtry for support and care which he, Daughtry, received from the City of New York through the Commissioner of Welfare or the Commissioner of Hospitals. See Section 104 of the Social Welfare Law of the State of New York, McK.Consol. Laws c. 55; Section 603–9.0 of the Administrative Code of the City of New York. The public assistance given to Daughtry was received by him intermittently from June 26, 1950 to January 15, 1954, and amounted to the sum of $3,011.39. The so-called assignment is dated March 21, 1952. This instrument purports to be an assignment of the proceeds of Daughtry's claim against New York Cuba Mail Steamship Company by reason of injuries sustained on or about January 12, 1951, on board ship. The same instrument, however, contains an agreement whereby Daughtry agreed to reimburse and to repay the Commissioner of Welfare of the City of New York in an amount equal to all public assistance and care granted to him by the Department, together with the costs of administering the same.

■■ It is true that Section 41.1(1) of the Personal Property Law of the State of New York, McK.Consol.Laws, c. 41 (in which state the assignment was made) prohibits the assignment of a claim for personal injuries. McCue v. J. F. Shea Co., Inc., 175 Misc. 557, 561, 24 N.Y.S.2d 307, affirmed 260 App.Div. 946, 24 N.Y.S.2d 130; In re Modell, 2 Cir., 1934, 71 F.2d 148. However, an assignment of the proceeds of any settlement or judgment that may result from a claim for damages for personal injuries is said to be valid and enforceable in equity, at least, after the lawsuit ripens into a settlement or judgment. See Richard v. National Transportation Co., Inc., 158 Misc. 324, 285 N.Y.S. 870; Reddy v. Zurich General Accident & Liability Insurance Co. Ltd., 171 Misc. 69, 11 N.Y.S.2d 88; City of New York v. Barbato, Mun.Ct., 5 N.Y.S.2d 125.

■ The money which the Commissioner seeks to obtain here was derived from an action under the Jones Act, Title 46 U.S.C.A. § 688. There appears to be no special limitation upon the disposal of the proceeds of this fund. Consequently, the motion by the defendant McCarthy, as Commissioner of Welfare of the City of New York, against the defendant Daughtry on the cross-claim must be granted, but without costs. No reason

782

appears why the Commissioner should not prevail upon this cross-claim.

The plaintiff apparently seeks (1) a determination that he be discharged; and (2) an allowance to the plaintiff for his costs, expenses and counsel fees.

As to the first request, it would appear that, since the plaintiff has deposited the amount with the Registry of this Court and since the judgment herein provided for is directed by the Court, he is thereby adequately protected. However, the Court specifically directs that the judgment to be entered herein, although it shall provide that the plaintiff and the defendant Daughtry are to be excluded from any claim, right, interest or lien upon the said sum of $3,122.46 on deposit with the Registry of this Court, shall provide for no other relief against the plaintiff Saul Sperling. Any counterclaim against the plaintiff except as above stated is dismissed.

Furthermore, the assignment agreement contained the following release of the plaintiff:

"* * * I do hereby release my attorney Sol Sperling, Esq., 61 Whitehall St., NYC or any other attorney or attorneys who may hereafter represent me, from any and all liability incurred by reason of the said grant, delivery, transfer and/or payment to the said Assignee, his successors or assigns."

As to the second request of the plaintiff, this action appears to have been instituted due to a condition which arose partially, at least, out of the relationship of the plaintiff Sperling and his client Daughtry. In the exercise of this Court's discretion, and under the circumstances appearing herein, no costs, allowances or other fees are allowed to the plaintiff.

Settle order on notice (including notice to defendant Daughtry).