RALPH O. DAVENPORT AND ESTHER DAVEN-PORT, APPELLANTS, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A CORPORATION, AND THOMAS HANLEY, AND RUTH HANLEY, RESPONDENTS.

No. 4880

July 2, 1965                                    404 P.2d 10

[Rehearing denied July 21, 1965]

*Morse & Graves,* of Las Vegas, for Appellants.

*Singleton and DeLanoy* and *J. Forest Cahlan* and *Rex A. Jemison,* of Las Vegas, for Respondents.

# OPINION

By the Court, THOMPSON, J.:

This case was presented to the lower court on stipulated facts and is designed to test the validity of a clause in an automobile insurance policy which subrogates the company to the extent of the medical payments made by it to the assured, "to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payment may have against any person or organization * * *." The plaintiff below was State Farm Mutual Automobile Insurance Company who had paid the sum of $1,565.78 to its injured assureds Mr. and Mrs. Hanley, as required by the medical payment proviso of the automobile policy sold by State Farm to the Hanleys. The main defendant below was Ralph O. Davenport who had been involved in a car accident with the Hanleys, causing them personnal injuries. It was agreed that the negligence of Davenport was the sole proximate cause of the car accident. The claim of the Hanleys against Davenport was settled for the sum of $8,000. Before settlement State Farm wrote Allstate Insurance Company (Davenport's insurance carrier), the following letter: "We are writing to you with reference to the above accident in which Thomas and Ruth Hanley carry an insurance policy with State Farm Fire and Casualty Company, including medical payments coverage with limits of $1,000. Please be advised that this policy contains a subrogation clause with reference to the medical payment coverage and and we hereby place your company on notice of our subrogation claim so that this may be taken into consideration at such time as you are able to conclude a personal injury settlement with Mr. and Mrs. Hanley."[1] Davenport and his insurance carrier Allstate ignored this

[1] State Farm's limit of liability under the medical pay proviso was $1,000 for each person. It paid $983.40 for Mr. Hanley and $582.38 for Mrs. Hanley—total, $1,565.78.

letter in settling the Hanley's claim, thus precipitating the instant litigation. The lower court found that the payment of medical expense was a subrogable item and ruled in favor of State Farm. This appeal followed. We affirm.

At common law a right of action for personal injuries was not assignable, nor did it survive the death of either the injured person or the tortfeasor. Prosser, Torts, 2d Ed., pp. 706–709; cases collected Annot., 40 A.L.R.2d 501. Of course the common law is the rule of decision in our courts unless in conflict with the state (or federal) constitution or statutory law. NRS 1.030. The appellant argues that the common law rule is violated if the policy provision before us is given effect. The assureds' right to recover their medical expenses from the tortfeasor is incidental to their right of action for personal injuries and may not be severed therefrom and transferred to another by assignment, subrogation, or otherwise. On the other hand, the respondent State Farm urges that the appellant misconceives the true issue. According to the respondent, the issue is not whether a claim for personal injuries is divisible and assignable, for the assureds' right of action was not assigned. Instead the issue is whether an equitable lien may validly attach to the proceeds of a personal injury settlement, an entirely different matter. State Farm contends that the policy provision effectively created an equitable lien upon the proceeds of the settlement which is enforcible against a tortfeasor who settles in disregard of the known lien. In re Behm's Estate, 117 Utah 151, 213 P.2d 657, 662; Reddy v. Zurich General Accident & Liability Co., 171 Misc. 69, 11 N.Y.S.2d 88; Richard v. National Transp. Co., 158 Misc. 324, 285 N.Y.S. 870; cases collected Annot., 40 A.L.R.2d at 512; comment 4 Utah L.Rev. 539.

For the purposes of this opinion we need not discuss

the differences between an assignment of the proceeds of the settlement of a disputed personal injury claim, and the creation of an equitable lien upon the proceeds of settlement. Restatement, Restitution § 162, comment (h). Nor need we concern ourselves with the distinction between the assignment of the right to sue for personal injuries, and the assignment of the proceeds of the settlement of a disputed personal injury claim. We say this because it is now quite generally accepted that the assignability of the right to sue in tort for personal injuries is governed by the test of survivorship—i.e., if the right of action survives the death of the injured person, that right is assignable. Prosser, Torts, 2d Ed., p. 709; 40 A.L.R.2d at 508; 15 U. of Pitt.L.Rev. 123; 41 Va. L.Rev. 687; 27 N.Dak.L.Rev. 208; 18 Minn.L.Rev. 585; 22 Calif.L.Rev. 456; 34 Colum.L.Rev. 161. The right to sue in tort for personal injuries does survive in Nevada, NRS 41.100(1),[2] and therefore is assignable. A fortiori, an assignment of the proceeds of a personal injury settlement is permissible, and such proceeds may also be the subject of contractual subrogation. The California case of Fifield Manor v. Finsten, 54 Cal.2d 632, 354 P.2d 1073, heavily relied upon by appellant, is inapposite, for the California survival statute expressly prohibited assignability. Our Statute does not.

In this case we do not know whether the Hanleys were

---

[2]NRS 41.100(1) reads: "Causes of action, whether suit has been brought upon the same or not, in favor of the injured party for personal injuries other than those resulting in death, whether such injuries be to the health or to the reputation or to the person of the injured party, shall not abate by reason of his death nor by reason of the death of the person against whom such cause of action shall have accrued; but in the case of the death of either or both, such cause of action shall survive to and in favor of the heirs and legal representatives of such injured party and against the person, receiver or corporation liable for such injuries, and his or its legal representatives; and so surviving such cause of action may be hereafter prosecuted in like manner and with like legal effect as would a cause of action for injuries to or destruction of personnal property."

paid twice for their medical expenses.[3] Their $8,000 settlement with Davenport and his insurance carrier was on a lump sum basis without apportionment to specific items of damage. When settlement was made the tortfeasor and his carrier were on notice that the claimants' medical expenses had already been paid by State Farm. Perhaps the negotiated settlement was reduced because of this fact. On the other hand, if the $8,000 payment was meant to include the claimants' medical expenses, two drafts should have been issued—one for those expenses payable to the Hanleys and State Farm jointly—and the other for the balance payable to the Hanleys alone. However, our lack of knowledge in this respect is not significant, for one fact is established. Settlement was made without regard to the known subrogation (or lien) right of State Farm. We hold that, where the medical payment clause of an automobile insurance policy subrogates the company to the extent of the medical payments made by it to the assured "to the proceeds of any settlement that may result from the exercise of any rights of recovery which the injured person receiving such payment may have against any person," the tortfeasor (or his insurance carrier) may not disregard that known subrogation (or lien) right in settling his liability.

Affirmed.

BADT, J., concurs.

COLLINS, D. J., dissenting:

I dissent.

My learned brethren, speaking for the majority of the

[3]Of course the point involved on this appeal is related to the "double recovery" problem discussed in the Annot. at 13 A.L.R.2d 355. The principle there announced that "the damages recoverable for a wrong are not diminished by the fact that the party injured has been wholly or partly indemnified for his loss by insurance effected by him and to the procurement of which the wrongdoer did not contribute" concerns the right of the assured to recover his medical expenses from his insurance carrier under the medical pay clause, and again from the tortfeasor. Those cases do not appear to involve a medical pay clause granting subrogation to the insurance company.

Court, state the issue in this case to be "* * * whether an equitable lien may validly attach to an assignment of the proceeds of a personal injury settlement * * *" I believe there is an antecedent issue which must be disposed of first which will be determinative of the case, at least until a retrial is had.

The trial of this matter before the district court was upon an agreed statement of fact. Those facts are substantially set forth in the majority opinion and need not be repeated here, with two exceptions. The policy of insurance between the Hanleys and their insurer, State Farm Mutual Automobile Insurance Company, contained the following clauses:

"Subrogation. Under payment under this policy, except under Coverage 'C,' the company shall be subrogated to all the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such rights and do nothing to prejudice them.

"Upon payment under Coverage 'C' of this policy, the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the insured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."[1]

Second, appellants Davenport, through their insurer, Allstate Insurance Company, paid to respondents Hanley, Eight Thousand Dollars ($8,000.00) and took a general release from them. A copy of the release was in evidence before the trial court and in substance released the Davenports from any and all claims, demand, damages, costs, expenses, loss of services or causes of action arising from any act or occurrence on account of any personal injury, disability, or damage of any kind that they may sustain as a result of the accident on November 21, 1961.

---

[1] Coverage "C" of the policy included sums paid for medical expense.

"An equitable lien must be based on established principle of equity * * * the doctrine of equitable lien is not a limitless remedy to be applied according to the measure of the conscience of the particular chancellor, and does not contemplate expediency as distinguished from legal rights." (53 C.J.S., Liens § 4(a), at 837 and 838)

"Ordinarily, damages may not be awarded by the chancery court. It is the function of the law courts to award damages for breach of contract or for tort; and if the purpose of the proceeding is merely the recovery of a sum of money, there can be no reason for resorting to equity, since the remedy at law is complete." (19 Am.Jur., Equity § 119, 120 and 121)

"Indeed, it is said that the absence of a plain and adequate remedy at law is the only test of equity jurisdiction." (19 Am.Jur., Equity § 100, at 107)

What then do we have in this case? Clearly, State Farm has a cause of action at law against their own insured, the Hanleys, to recover the amount paid them for medical expenses incurred as a result of the accident. Their contract of insurance provides that the insured "shall do nothing after loss to prejudice such rights." Hanleys did exactly what they promised and contracted not to do. They executed a release to the Davenports in apparent total disregard of their obligation to their own insurer, thereby precipitating this litigation.

I do not feel that the trial court, nor this court should open its doors to the respondent, State Farm, under these circumstances. It appears to me to be encouraging contracting parties to breach their agreement, and in fact reward them for an apparent breach, if this appeal is entertained. Especially is this so when equitable relief by way of lien is sought not based on or arising out of any contract between appellants, the Davenports, and respondents, State Farm Insurance Company.

To be entitled to equity, a litigant must be willing to do equity. And it appears most equitable to me to remand this action to the trial court for a new trial, requiring State Farm to seek relief at law first against the Hanleys under their contract, before considering equitable

remedies. This Court has that power under NRCP 72(a) whether a new trial is sought or not.

I would remand for a new trial.