IOWA AMERICAN INSURANCE COMPANY, Plaintiff,

v.

Michelle Anne PIPHO, Defendant–Appellant,

and

Cedar Valley Health Plan, Appellee.

No. 89–666.

Court of Appeals of Iowa.

March 27, 1990.

C.A. Frerichs of Fulton, Frerichs, Martin & Andres, Waterloo, for defendant-appellant.

Timothy J. Luce of Randall, Anfinson & Luce, Waterloo, for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

OXBERGER, Chief Judge.

On July 29, 1986 eighteen-year-old Michelle Anne Pipho was a passenger in a car driven by Tracy Ann Holman which left the traveled portion of the road and stuck a berm, causing severe injury to Pipho.

Pipho's past medical expenses were approximately $19,000. Of this amount, $11,778.67 was paid by Cedar Valley Health Plan (CVHP), a health insurer which provided coverage for Pipho through her father's employment.

After trial, a court assessed her total damages, including loss of future earnings and past and future pain and suffering, to be in excess of $400,000.

Pipho made a claim against the driver who was insured by appellee Iowa American Insurance Company. The claim was settled for $25,000, the liability limit of the driver's insurance policy. The settlement agreement did not allocate any particular share of the settlement amount as medical expenses.

CVHP then filed a subrogation claim, seeking reimbursement from these settlement proceeds of the $11,778.67 it had contributed toward Pipho's medical expenses. Pipho resisted this subrogation claim, asserting subrogation was unavailable to CVHP because the settlement proceeds had not fully compensated her for her total damages and had not "made her whole."

After a hearing, the district court ruled CVHP was entitled to the subrogation it sought. The district court ruled Pipho had in fact been "made whole" with regard to her medical expense damages. The court concluded medical expenses were the only damages for which CVHP had contracted to insure Pipho. The court reasoned CVHP had not undertaken to insure Pipho for pain and suffering, lost wages, or impairment of future earning capacity. A denial of CVHP's subrogation claim on the ground Pipho had not yet recovered those damages would have the effect, the court said, of making CVHP an insurer against those losses as well.

Pipho has appealed from the district court's order granting CVHP's subrogation request. Pipho contends the record did establish she had not been "made whole" and was therefore entitled to retain the entire $25,000 settlement without paying subrogation to CVHP.

We affirm in part and remand.

Our scope of review is on errors assigned. Iowa R.App.P. 4.

Pipho claims Cedar Valley Health Plan is not entitled to its subrogation claim from the $25,000 settlement because her total damages were determined by the trial court to be $418,778.67. Therefore, the settlement did not make Pipho whole. Based on our reading of *Ludwig v. Farm Bureau Mut. Ins. Co.*, 393 N.W.2d 143 (Iowa 1986), we do not agree.

The supreme court has held an insured need not be paid in full for pain and suffering and disability prior to allowing subrogation for medical expenses. *Id.* at 145.

The amounts recovered against a third party for separate elements of a claim can be identified and credited toward subrogation claims, even though other elements of the third-party claim may not be fully satisfied. *Id.* at 146.

The trial court concluded Pipho had suffered past medical expenses totaling $18,778.67. Cedar Valley Health Plan is a health maintenance organization which made payment for Pipho's past medical costs in the amount of $11,778.67. The remaining medical expenses were paid by other insurers. Pipho settled her claim against Iowa American Insurance Compa-

ny for $25,000. We agree with the trial court that Cedar Valley is entitled to its subrogation claim.

However, since we are unable to determine the amount of the settlement funds attributed to Cedar Valley's subrogated claim, we believe the holding of *Ludwig v. Farm Bureau Mutual Ins. Co.*, 393 N.W.2d 143, 146 (Iowa 1986), requires that we remand to the trial court for a mini-trial. In *Ludwig*, the court said:

> In the present case, the settlement amounts attributed to medical expenses were made clear by the settlement documents. In many cases, however, identification of specific amounts will be more difficult. A lump sum settlement might be made [as done here, in the case at bar].... When the amount attributed to the subrogation claim cannot be determined by other means, a mini-trial, such as used in [*Rimes v. State Farm Mutual Automobile Ins. Co.*, 106 Wis.2d 263, 316 N.W.2d 348 (1982)], might be required.

*Ludwig*, 393 N.W.2d at 146 n. 2.

Here the settlement does not state what share of the medical bills were attributed to the settlement figure. Therefore, the trial court must hold a mini-trial on the issue. We remand the case to the trial court with directions to hold a mini-trial to determine the share of the medical bills attributed to the settlement figure.

AFFIRMED IN PART AND REMANDED.