**AMERICAN STATES INSURANCE COMPANY, Appellee,**

v.

**FLETCHER, Appellant.**

[Cite as *American States Ins. Co. v. Fletcher* (1990), 69 Ohio App.3d 598.]

Court of Appeals of Ohio,
Putnam County.

No. 12–89–11.

Decided Sept. 28, 1990.

*Robert B. Hollister*, for appellee.

*Joseph C. Dapore*, for appellant.

KEEFE, Judge.

American States Insurance Company ("American States") filed a complaint against Genaus Fletcher in the common pleas court on September 27, 1988, alleging that Mrs. Fletcher had breached her contractual agreement with American States in failing to protect American States' right to subrogation. The insurance company sought $3,732.25 plus costs and interest.

Fletcher answered and counterclaimed. The insurance company filed a motion for summary judgment on April 4, 1989, and Fletcher submitted a memorandum in opposition to summary judgment on April 25, 1989. On that date, the court conducted a hearing on the American States' motion when both sides presented argument. American States subsequently filed an amended complaint paralleling the original complaint.[1]

On May 8, 1989, appellee American States' motion for summary judgment was granted. In so holding, the trial court found the following sequence of events:

"1. a contract of insurance was in force between the parties;

"2. Appellant Mrs. Fletcher made a demand on Appellee for medical expenses subsequent to her involvement in an automobile accident;

"3. Appellee advised Appellant that the policy provided for full subrogation of all monies received by the insureds;

"4. Appellant settled her claim against the tortfeasor for Twenty-five Thousand and no/100 Dollars ($25,000.00) and entered into a general release;

"5. Appellant did not notify Appellee of this settlement and/or release;

"6. Appellee paid to Appellant, pursuant to the medical payment coverage, Three Thousand Seven Hundred Thirty-two and 25/100 Dollars ($3,732.25) and thereupon signed a subrogation agreement;

"7. Appellee thereafter learned of the prior settlement with the tortfeasor and sought return of the amounts paid under the medical coverage."

The court held that, under Ohio law, an insured may not settle with a tortfeasor, giving a general release, and then collect medical expenses against his own insurer when there is a subrogation clause for such payments since, in so doing, the insurer's right of subrogation is destroyed. The court then reasoned that the medical payments made to appellant by appellee were subject to the subrogation clause of the policy and appellant's settlement with the tortfeasor destroyed appellee's right of subrogation, thereby rendering the appellant-insured liable to appellee as the subrogation insurer for the amount paid under the policy and additionally foreclosing appellant-insured from collecting her medical expenses from appellee-insurer.

---

1. Fletcher originally purchased an automobile insurance policy from Western Indemnity Company, Inc. which contained a provision for $5,000 medical pay. Western Indemnity Company, Inc. was later acquired by American States. The acquisition has nothing to do with the merits of this case. American States is the sole appellee.

Appellant filed an answer to the amended complaint on May 9, 1989, one day following the summary judgment in favor of appellee American States. This appeal emanates from the May 8, 1989 judgment.

The first assignment of error is:

"I. The court of common pleas erred in holding that plaintiff, insurance company, is entitled to recover from their policy holder all of the medical expenses when their policy holder did not receive in settlement with the tortfeasor, all of her personal injury damages."

It is a feckless challenge as the court below concluded. The trial court reasoned—an evaluation with which we find ourselves in accord—that the appellee-insurer herein was entitled to recover sums it had paid to its insured on the grounds that the insured had, in violation of a policy of insurance and a subrogation agreement, and without the knowledge or participation of the insurer, entered into a settlement agreement and executed a general release with the tortfeasor. This effectively destroyed the insurer's right of subrogation against the tortfeasor. An insured need not be paid in full for pain and suffering and disability before subrogation for medical expenses is allowed. *Ludwig v. Farm Bureau Mut. Ins. Co.* (Iowa 1986), 393 N.W.2d 143.

Furthermore, appellant did not, in her opposition to summary judgment, make any attempt to verify, through affidavit or otherwise, the specific amounts of the settlement attributable to certain claims for damages. The nonmoving party in a summary judgment procedure has the duty to respond specifically and may not rest upon mere allegations or denials in his or her pleadings. *Stemen v. Shelby* (1983), 11 Ohio App.3d 263, 11 OBR 441, 465 N.E.2d 460.

Thus the first assignment of error is overruled.

In her Assignments of Error II, III, and IV, appellant challenges the precise factual and legal basis used by the trial court in granting summary judgment to the appellee-insurer. The three separate grounds contained in these error assignments are that the subrogation provision in the policy is ambiguous, that the subrogation agreement is invalid for want of consideration and that there was no breach of any subrogation agreement. The appellee contends that the issues of ambiguity, lack of consideration and breach of a subsequent subrogation agreement were not raised below and, consequently, the issues are waived for consideration on appeal. Appellee's position in this respect is plausible at most under the circumstances. The three issues now seemingly raised for the first time should be examined in the

light of the circumscribed standards enunciated in Civ.R. 56 for testing whether motions for summary judgment can correctly be granted. Civ.R. 56(C) specifically delineates the evidence, stipulations and materials examinable under the rule. It states in pertinent part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The subject insurance policy here which Fletcher had with American States is a part of the pleading. It is uncontroverted that the policy has a subrogation provision.

When the Civ.R. 56 tests are applied, we agree that the trial court correctly granted the motion for summary judgment even when the said judgment is examined and analyzed vis a vis the issues advanced in assignments II, III and IV. These three assignments lack merit and fail.

We elect to consider next Assignment of Error VI which charges trial court error for granting summary judgment to American States when there are in dispute material issues of fact. We disagree. The trial court decided correctly and followed the circumscribed standards mandated in Civ.R. 56. There is no genuine issue as to any material fact, and reasonable minds can come to but one conclusion and that conclusion is adverse to the appellant Fletcher. We overrule this assignment.

The penultimate assignment, number V, claims that:

"The court of common pleas erred in granting summary judgment to plaintiff before defendant had an opportunity to submit a responsive pleading to a complaint as allowed by law."

Plaintiff American States, with leave, filed an amended complaint, on May 2, 1989. Appellant argues that this meant that under Civ.R. 15(A) she had fourteen days in which to respond. Before she responded on May 9, 1989, the court of common pleas granted summary judgment to American States on May 8, 1989. Thus appellant asserts in her brief that:

"In this case the court order was made during the time permitted for a responsive pleading and was therefore in error to the detriment of Mrs. Fletcher."

A motion for summary judgment on the original complaint was heard on April 25, 1989, and technically it was on the original complaint that the summary judgment was granted on May 8, 1989. The appellant claims that in view of the filing of the amended complaint on May 2, 1989 the court below had the obligation to give the then-defendant fourteen days to file an answer before a motion for summary judgment could even properly be filed, much less decided, in fewer than fourteen days.

Notwithstanding the procedural flaws—which we in no way countenance—the entire matter referenced in this assignment of error is subsumed in the conclusion which must be reached that appellant has demonstrated absolutely no prejudice. Appellant's "detriment" is asserted in her brief, but we fail to find any. Moreover, no substantial right of the appellant has been adversely affected by the arguably aberrant procedure vis a vis the date on which the summary judgment was granted.[2] Civ.R. 61.

Assignment V is of no avail. We overrule all assignments of error and accordingly affirm the judgment below.[3]

*Judgment affirmed.*

THOMAS F. BRYANT and EVANS, JJ., concur.

JOHN W. KEEFE, J., retired, of the First Appellate District, sitting by assignment.

---

**2.** A comparison of the two complaints reveals that the sole change in the amended complaint was the addition of Western Indemnity Company, Inc. as an additional plaintiff in the action.

**3.** The notice of appeal sought an appellate review of the trial court's judgment in favor of American States on its complaint and also for American States on Genaus Fletcher's counterclaim. However, the appellant has not pursued the remonstrance to the court's ruling on the counterclaim. There are no assignments of error for that portion of the notice of appeal.