Dale Barnhart appeals the Washington County Court of Common Pleas' dismissal of his petition for postconviction relief without an evidentiary hearing. Barnhart argues that the trial court erred by granting the state's motion for summary judgment prior to Barnhart filing a response to the motion and the trial court conducting a hearing. We disagree, because Barnhart showed no prejudice as a result of the trial court's procedural error, the trial court properly dismissed Barnhart's petition as untimely, and the doctrine of res judicata bars his claims. Accordingly, we affirm the judgment of the trial court.
In December 1995, Barnhart pled guilty to charges of theft and abduction. In January 1996, the court sentenced Barnhart to five to ten years imprisonment on the abduction charge and eighteen months imprisonment on the theft charge, with the sentences to run consecutively. Barnhart did not appeal.
Barnhart filed a petition for postconviction relief in July 1996, alleging that: (1) his trial counsel was ineffective; and (2) the trial court erred by not considering his guilty plea at sentencing. The trial court dismissed his petition without a hearing. Barnhart appealed, and requested a complete copy of transcripts of the trial court proceedings at the state's expense. The trial court denied Barnhart's request, finding no reason to transmit the entire record. The trial record transmitted to this court contained a transcript of Barnhart's sentencing hearing. We affirmed the judgment of the trial court,[1] finding that the record showed that Barnhart's counsel did not prejudice him. We further found that the doctrine ofres judicata barred Barnhart's arguments concerning sentencing because he could have raised those arguments at trial or on direct appeal.
In January 1998, Barnhart filed a second motion for postconviction relief, arguing that the trial court violated his constitutional due process rights when it denied him a copy of the sentencing hearing transcripts for his appeal of the dismissal of his postconviction relief petition. On March 3, 1998, the state filed a motion for summary judgment. Prior to Barnhart's response, on March 12, 1998, the trial court dismissed Barnhart's petition. In its decision dismissing the entry, the trial court found that Barnhart failed to file a timely petition, pursuant to R.C. 2953.21 (A)(2), and that Barnhart had already appealed the trial court's denial of conditional probation. On March 17, 1998, Barnhart filed a response to the motion for summary judgment.
Barnhart appeals the judgment of the trial court, asserting the following assignments of error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT GRANTING THE STATES (sic) MOTION FOR SUMMARY JUDGEMENT (sic).
 II. THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPLY THE REQUESTED TRANSCRIPTS.
 II.
In his first assignment of error, Barnhart argues that the trial court prejudicially erred by entering summary judgment for the state prior to him filing a response to the motion. The state contends that Barnhart did not timely file his motion for postconviction relief, and therefore that the trial court properly dismissed the petition. Additionally, the state argues that Barnhart failed to establish the extraordinary circumstances necessary to prevail on a second petition for postconviction relief.
A motion for summary judgment shall be served at least fourteen days before the time fixed for hearing. Civ.R. 56(C). Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor (1988),37 Ohio St.3d 144, 146; Morehead v. Conley (1991), 75 Ohio App.3d 409,411.
In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church
(1994), 68 Ohio St.3d 531, 535. In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences which can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One,Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
We agree with Barnhart that the trial court did not comply with civil procedure by ruling upon the state's motion for summary judgment prior to the hearing date. See Civ.R. 56(C). However, any procedural error on the part of the trial court in granting summary judgment is subsumed by our conclusion that Barnhart cannot show that the trial court's error prejudiced him or adversely affected a substantial right by granting summary judgment prior to the hearing date. American StatesIns. Co. v. Fletcher (1990), 69 Ohio App.3d 598, 603.
R.C. 2953.21 provides in part:
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
App. R. 4(A) requires a party to file a notice of appeal within thirty days of the entry of judgment.
The trial court sentenced Barnhart on January 26, 1996. Barnhart did not directly appeal his conviction in the trial court. The latest date Barnhart could have timely filed his petition for postconviction relief was one hundred eighty days from the date the time for filing the appeal expired. R.C.2953.21(A)(2). Since Barnhart did not file a direct appeal, the last date he could have filed a timely motion was one hundred eighty days from the date the time for filing the appeal expired, February 1996. Barnhart filed his second petition in April of 1998, clearly outside the limits imposed by R.C.2953.21(A)(2). Therefore, we find that the trial court properly dismissed Barnhart's petition for postconviction relief as untimely. See State v. Sinnott (Nov. 6, 1997), Hocking App. No. 97CA01, unreported; State v. Creech (July 11, 1997), Scioto App. No. 96CA2476, unreported; State v. Kanawalsky (June 30, 1997), Meigs App. No. 96CA26, unreported.
Under R.C. 2953.23, a trial court may still hear an untimely or second petition for postconviction relief if certain extraordinary circumstances apply. R.C. 2953.23 provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim from relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
Barnhart did not allege in his petition or on appeal that R.C. 2953.23 applies to his second petition. Nor does the record contain any evidence which would support such a finding. Indeed, the record from Barnhart's files shows that the trial court transmitted the transcript from the sentencing hearing, and thus provided Barnhart with the discovery upon which he relies in presenting his claim for relief. Barnhart did not assert a newly recognized federal constitutional right as provided for in R.C. 2953.23(A)(1)(b). Furthermore, Barnhart's petition relates to the trial court's denial of his motion for conditional probation, not his underlying conviction. Therefore, Barnhart cannot show that but for the error he would not have been found guilty. Thus, Barnhart cannot show that R.C. 2953.23 permits the trial court to hear his untimely petition.
Finally, the allegations asserted by Barnhart in his second petition for postconviction relief arise from the same arguments that he set forth in his first petition for postconviction relief. The trial court denied that petition, and we affirmed, finding Barnhart's arguments regarding his sentencing and conditional relief barred by the doctrine ofres judicata because Barnhart based his petition upon allegations which he could have raised at trial or on direct appeal. State v. Barnhart, supra, citing State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. Therefore, we find that Barnhart's current petition is likewise barred byres judicata.
In conclusion, we find that the record contains no genuine issue of material fact exists for trial and that the trial court properly dismissed Barnhart's petition without a hearing. Because Barnhart failed to file his petition in a timely manner, and because res judicata bars his petition, Barnhart could not prevail even if we found that the trial court erred by failing to provide the requested transcripts. Therefore, we find Barnhart's second assignment of error moot.
Accordingly, we overrule Barnhart's first assignment of error, find his second assignment of error moot, and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: ____________________ Roger L. Kline Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] State v. Barnhart (Sept. 24, 1997), Washington App. No. 96CA32, unreported.