Wayne **KIRKPATRICK**, Plaintiff-Appellee,

v.

Gary **T. PATTERSON** and Linda S. Patterson, Defendants-Appellees,

and

Federated Mutual Implement & Hardware Insurance Company, Intervenor-Appellant.

No. 53485.

Supreme Court of Iowa.

Nov. 12, 1969.

"If compensation is paid the employee * * * [under workmen's compensation] * * * the employer by whom the same was paid, or his insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, with legal interest, except for such attorney fees as may be allowed, by the district court, to the injured employee's * * * attorney."

On July 13, 1966, plaintiff, while in the course of his employment, was injured in an automobile collision with defendants. The intervenor carried the workmen's compensation insurance on plaintiff's employer and made payments to plaintiff exceeding the policy limits of defendants' insurance ($10,000). Defendants are apparently judgment proof.

On January 5, 1967 defendants' insurance company offered to settle for $9,000. This offer was acceptable to intervenor but Mr. Kirkpatrick would not sign the release. He employed counsel in March and entered into a one-third contingent fee contract with him. In May 1967 defendants' company, now dealing with plaintiff's attorney, increased the offer to $9,750. It was refused and the action for damages commenced May 7, 1968. Within thirty days intervenor filed its notice of lien as required by section 85.22(1) and its petition of intervention as permitted in Price v. King (1963), 255 Iowa 314, 319–320, 122 N.W.2d 318, 322.

By the stipulation signed August 12, 1968, which contained the foregoing facts, it was agreed that judgment could be entered against the defendants for the policy limits of $10,000.

It was also stipulated that the basis for the one-third contingent fee contract was "in the event of recovery by Mr. Kirkpatrick that his attorney would then receive one-third of the proceeds thereof; said contingent fee being the normal and common practice in this vicinity, and if appropriate witnesses were called they would so testify that the same is fair and reason-

Davis, Huebner, Johnson & Burt, Des Moines, for intervenor-appellant.

Wetz & Cosgrove, Sioux City, for defendant-appellees.

Miller, Miller & Miller, Cherokee, for plaintiff-appellee.

STUART, Justice.

The only question presented here is the court's ruling on attorney fees to be allowed plaintiff's attorney under section 85.22(1) which provides:

able. \* \* \* That the services performed by plaintiff's attorney have been the usual, ordinary and necessary services in this type of action."

It was also stipulated that intervenor's interest were being protected by its own attorneys and that at no time did intervenor, by express contract, engage the services of Mr. Miller.

The trial court concluded: "When contingent fee contracts are fair and reasonable *as to the client* (emphasis supplied by trial court) such agreements are valid and binding upon the client and will be enforced at law according to their terms, in the absence of fraud or imposition."

The trial court granted plaintiff's attorney $3,333.33 "pursuant to his contingent fee contract which is approved by the court".

■ I. We do not agree that the fee to be allowed plaintiff's attorney under section 85.22(1) from funds payable to employer's insurance carrier is to be measured by the contingent fee contract between employee and his attorney. Although we have found no Iowa cases on this point it has received the attention of courts in other states.

"\* \* \* a determination of what is a reasonable attorneys' fee rests with the trial court and not with the employee's attorneys. The employer, intervenor here, had no part in making an agreement as to attorneys' fees existing between the employee and his attorneys. The employer should have a right to be heard in this matter unless the parties agree among themselves." Lang v. William Bros. Boiler & Mfg. Co., 250 Minn. 521, 85 N.W.2d 412, 420.

"Though an employee might freely contract, so far as he was concerned, about the proportionate amount he would pay his attorneys he could not bind the court to his agreement." Baughman v. Aetna Casualty & Surety Company, Fla., 78 So.2d 694, 696.

See Winfrey & Carlile v. Nickles, 223 Ark. 894, 270 S.W.2d 923, 925.

■ In allowing attorney fees to plaintiff's attorney under section 85.22(1) the trial court should consider all the elements which have a bearing on attorney fees to be allowed in a given case including but not necessarily limited to the time spent, the nature and extent of the services, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and the results obtained, as well as the professional standing and experience of the attorney. In re Condemnation of Lands [Stanley v. City of Indianola], Iowa, 153 N.W.2d 706, 710; Gabel v. Gabel, 254 Iowa 248, 250–251, 117 N.W.2d 501, 503. See notes: 56 A.L.R.2d 13; 143 A.L.R. 672. Under some circumstances a one-third contingent fee might be reasonable, but it should be based on the facts and circumstances of the particular case rather than the contract between the employee and his counsel.

■ II. Employer's insurance carrier argues no fee should be allowed as it intervened and employed counsel of its own and at no time did employee's counsel represent its interest. We do not so read section 85.-22(1). The cause of action remains that of the employee and the carrier's rights in intervening are limited under Price v. King, 255 Iowa 314, 319–320, 122 N.W.2d 318, 322. The insurance carrier cannot escape the statutory duty to pay plaintiff's attorney such fees as may reasonably be allowed by the trial court by employing counsel of its own and intervening, but the services rendered by insurer's counsel in settlement or prosecution of the lawsuit may have a bearing on attorney fees allowed plaintiff's counsel.

As the trial court apparently based the fee on the reasonableness of a one-third contingent fee contract between employee and his counsel and as the record upon which to determine the reasonableness of the fee under all the circumstances is limited, we reverse the trial court and remand

the case to district court for further hearing and determination of a reasonable fee to be charged against the employer's insurance carrier under all the circumstances of this particular case.

Reversed and remanded.

All Justices concur.