### PRINCIPAL CASUALTY INSURANCE COMPANY, Appellee,

v.

### Neil and Denise NORWOOD, Appellants.

### No. 89–1465.

Supreme Court of Iowa.

Nov. 21, 1990.

Donald G. Beattie of Skinner, Beattie & Wilson, P.C., Altoona, for appellants.

Joseph S. Cortese, II and Joseph A. Happe of Jones, Hoffmann & Huber, Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

This appeal involves cross-motions for summary judgment in an action to declare the rights of parties competing for subrogation proceeds. The question is whether Iowa Code chapter 668 (1989) authorizes an insured to retain a reasonable attorney fee out of subrogation proceeds claimed by an insurer when the recovery stems from settlement with, rather than verdict or judgment against, a third-party tortfeasor. We conclude that section 668.5 authorizes the deduction claimed by the insured, and therefore reverse the district court's judgment favoring the insurer.

The facts are undisputed. Denise Norwood was involved in an automobile accident with a vehicle owned by the City of Des Moines. Denise and her husband Neil were insured by plaintiff Principal Casualty Insurance Co. Principal paid the Norwoods $5000 for property damage sustained in the accident. After deducting the salvage value received for Norwoods' vehicle, Principal asserted a contractual subrogation right to $4742 payable out of any

sums recovered by the Norwoods from the City of Des Moines.

The Norwoods hired an attorney to pursue their claim of personal injury and property damage against the city, and signed a contingent fee agreement pledging one-third of any recovery as attorney fees. After many months of negotiation, their counsel settled the case with the city for $7742. The Norwoods' attorney then sought to deduct a pro rata share of his contingent fee from the $4742 owed to Principal as subrogee.

Principal refused to accept only two-thirds of its subrogated share of the settlement and commenced a declaratory judgment action against the Norwoods to enforce its claim. The parties both moved for summary judgment, confining their arguments to opposing interpretations of Iowa Code section 668.5(3) and (4).[1] The contested statute states:

> 3. Contractual or statutory rights of persons not enumerated in section 668.2 for subrogation for losses recovered in proceedings pursuant to this chapter shall not exceed that portion of the judgment or verdict specifically related to such losses, as shown by the itemization of the judgment or verdict returned under section 668.3, subsection 8, and according to the findings made pursuant to section 668.14, subsection 3, and *such contractual or statutory subrogated persons shall be responsible for a pro rata share of the legal and administrative expenses incurred in obtaining the judgment or verdict.*
>
> 4. *Subrogation payment restrictions imposed pursuant to subsection 3 apply to settlement recoveries, but only to the extent that the settlement was reasonable.*

Iowa Code § 668.5(3), (4) (emphasis added).

Principal persuaded the trial court that, by its terms, subsection 3 limits recovery of legal expenses to litigation ending in judgment or verdict. It further argues on appeal that subsection 4's reference to settlements pertains only to subrogation restrictions *other than* legal and administrative expense. The Norwoods, on the other hand, urge reversal on the ground that the plain language of subsection 4 applies all of the subrogation restrictions of subsection 3 to settlement recoveries.

Beneath this semantic squabble lie competing policy arguments. The Norwoods contend that Principal's recovery of the entire $4742 without deduction for counsel fees is a windfall that unjustly enriches it for the entire subrogation claim without the expense of hiring counsel, paying counsel, or taking part in settlement negotiations. Principal responds by asserting that forced payment of the Norwoods' attorney would deprive it of the right to choose its own counsel and would, in essence, make it liable to pay legal expenses under a contract to which it was not a party.

These policy issues bear on our analysis of section 668.5 because our goal in statutory interpretation is "to determine and effectuate the intent of the legislature." *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983). That goal is achieved by looking at the object to be accomplished—or mischief to be remedied—and then giving the law a reasonable construction that will effect, rather than defeat, the lawmakers' purpose. *Id.* In doing so we are obliged to interpret statutes "in conformity with the common law wherever statutory language does not directly negate it." *Cookies Food Prods., Inc. v. Lakes Warehouse Distrib., Inc.*, 430 N.W.2d 447, 452 (Iowa 1988); *see also Iowa Fed'n of Labor v. Department of Job Serv.*, 427 N.W.2d 443, 445 (Iowa 1988); 2A N. Singer, *Sutherland Statutory Construction* § 50.01, at 421 (4th ed. 1984).

■ At common law in Iowa and elsewhere, the recognized purpose of subrogation is "to prevent unjust enrichment of one party at the expense of another."

---

1. We note that the parties' appellate briefs and arguments refer to alleged policy terms and correspondence that might bear on the question before us. Neither the Norwoods' insurance contract with Principal nor any correspondence between counsel, however, were preserved for the record on appeal. Thus we confine our analysis, as did the district court, to interpretation of the statute in light of the undisputed facts outlined above.

*Ludwig v. Farm Bureau Mut. Ins. Co.,* 393 N.W.2d 143, 146 (Iowa 1986) (citing Restatement of Restitution § 162, at 653 (1937)). Although in *Ludwig* we expressed no opinion regarding deduction of attorney fees from the subrogee's recovery, *see id.* at 147–48, it appears that the prevailing common law in other jurisdictions coincides with the position taken by the Norwoods:

> The general rule is that the insured may retain out of the fund recovered from the wrongdoer, after the payment of the policy, the costs and reasonable expenses incurred in the litigation, for it would be unjust to require him to incur expenses for the recovery of money for the benefit of the insurer, without being allowed to reimburse himself.

44 Am.Jur. 2d *Insurance* § 1820, at 808 (1982); *see also* 46 C.J.S. *Insurance* § 1209(b), at 155 (1946 & Supp.1990) ("the general rule [is] that the company may recover from insured only the excess ... remaining after insured is fully compensated for his loss and the costs and expenses of the recovery thereof"); 16 G. Couch, *Cyclopedia of Insurance Law* § 61:47, at 131 (2d ed. 1983) (insured generally entitled to recover litigation expenses prior to recovery going to insurer).

Equitable principles underlie the rule that a right of subrogation carries with it a duty to pay a pro rata share of counsel fees. *Hedgebeth v. Medford,* 74 N.J. 360, 369, 378 A.2d 226, 229 (1977). As the *Hedgebeth* court noted, equity dictates that an insurer

> should not be entitled to enjoy the fruits of the assured's judgment against a tort-feasor without contributing in any way to the costs or burdens of litigating that claim.

*Id.* at 369, 378 A.2d at 230. Other courts subscribe to this same theory for the basic reason that "[t]o hold otherwise would permit unjust enrichment of the insurance carrier at the expense of its injured insured." *Commercial Union Ins. Co. v. Blue Cross and Blue Shield of Ala.,* 540 So.2d 1368, 1369 (Ala.1989); *Lyon v. Hartford Accident and Indem. Co.,* 25 Utah 2d 311, 318, 480 P.2d 739, 744 (1971).

Moreover, the insurer's prerogative to hire its own counsel does not militate in its favor when, in fact, no independent counsel is hired. *See Hedgebeth,* 74 N.J. at 369–70, 378 A.2d at 230; *Bell v. Federal Kemper Ins. Co.,* 693 F.Supp. 446, 451 (S.D.W.Va. 1988) (" 'Clearly had [the insurer] decided to institute its own action, or intervene in the action instituted by [the insured] ..., it would have been required to incur ... an attorney's fee for such action.' ") (quoting *Klacik v. Kovacs,* 111 N.J.Super. 307, 312, 268 A.2d 305, 308 (1970)). The following observation by the Arkansas Supreme Court is pertinent in this regard:

> The [insurer's] real grievance lies in having to pay a fee to an attorney not of its own choice. Subrogation, however, is governed by equitable principles. If the [insurer] had employed its own attorney and had actively participated in the action against [the tortfeasor] it could not fairly have been compelled to contribute to [the insured's attorney's] fee. But when the insurance company has benefited from the work done by the insured's attorney there is no inequity in requiring it to bear its fair share of the collection expense.

*Washington Fire & Marine Ins. Co. v. Hammett,* 237 Ark. 954, 956, 377 S.W.2d 811, 813 (1964) (citations omitted).

■ This authority persuades us that section 668.5 merely codifies the common law pertaining to subrogation. The question remains, however, whether the legislature, by dividing subsections 3 and 4, intended to relieve subrogees of their equitable obligation when recovery is secured by settlement rather than judgment. For a number of reasons, we think not.

First, the legislature's use of the conjunctive in section 668.5(3) conveys an intent to burden subrogees with two payment restrictions: the subrogation recovery shall not exceed the judgment related to the loss *and* the subrogee bears responsibility for a pro rata share of the legal expense in obtaining the recovery. *See Casteel v. Iowa Dep't of Transp.,* 395 N.W.2d 896, 898 (Iowa 1986) (use of "and" requires satisfaction of both listed condi-

tions). Hence, subsection 4's reference to the restrictions of subsection 3 necessarily includes consideration of *both* the amount of the loss *and* attorney fees. Iowa Code § 668.5(4).

More importantly, Principal's suggested interpretation of section 668.5 would contravene the policy of encouraging settlement of lawsuits. *See World Teacher Seminar, Inc. v. Iowa Dist. Court*, 406 N.W.2d 173, 180 (Iowa 1987) ("we have long emphasized that courts should favor the settlement of disputes and encourage agreements to avoid or end litigation"); *Moore v. Bailey*, 163 N.W.2d 435, 437 (Iowa 1968) (settlements "are to be encouraged as a means of avoiding prolonged, extensive and uncertain litigation"). We do not think the legislature intended to reward those plaintiffs who prevail in litigation and penalize those who, like the Norwoods, negotiate a reasonable settlement short of trial.

In summary, we hold that the subrogee's responsibility under section 668.5(3) to pay a pro rata share of legal and administrative expenses incurred in obtaining a judgment or verdict against a third-party tortfeasor applies equally to settlement recoveries "to the extent that the settlement was reasonable." *See* Iowa Code § 668.5(4). No dispute over the reasonableness of the settlement exists in the case before us. Accordingly, we reverse the judgment of the district court and remand for entry of judgment for the defendants in accordance with this opinion.

REVERSED AND REMANDED.