**Japp KROES and Diane Kroes, Appellees,**

v.

**AMERICAN FAMILY INSURANCE, Appellant.**

**No. 91–1868.**

Court of Appeals of Iowa.

Feb. 23, 1993.

Nancy C. Coon, West Des Moines, for appellant.

James H. Gilliam and Cecelia C. Ibson of Brown, Winick, Graves, Donnelly, Baskerville & Schoenebaum, Des Moines, for appellees.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

SCHLEGEL, Judge.

American Family Mutual Insurance Company challenges the district court's ruling on the Kroes's motion for declaratory judgment requiring American Family to pay attorney fees to its insured's attorney for services rendered in protecting American Family's subrogation interests. On appeal, American Family contends it had already protected its subrogation interests through its own efforts with the other insurance carriers and therefore owes no attorney fees for the settlement agreement obtained by its insured.

American Family issued an automobile insurance policy to the Kroeses. On May 4, 1987, Diana Kroes collided with an automobile driven by Kevin Van Haaften. Van Haaften was insured by IMT Insurance. As a result of the accident, Diana Kroes suffered personal injuries and the Kroes's vehicle sustained damages. American Family paid the Kroeses $2,000 for Diana's medical expenses and $1,680.90 for collision coverage. The Kroeses paid $200 in damages for their automobile in accordance with the policy's deductible.

In response to a request by the Kroeses, American Family wrote to IMT on May 29, 1987, seeking reimbursement of the Kroes's collision and medical losses. American Family also sent a letter to advise IMT of its subrogation interests and asked that those interests be protected. On August 19, 1987, IMT paid the Kroeses their $200 deductible, but the parties were unable to reach a settlement concerning their claims for past and future medical costs and pain and suffering. As a result, the Kroeses retained their own attorney to protect their interests. Thereafter, American Family independently corresponded with IMT concerning American Family's subrogation claims.

Negotiations between the Kroeses and IMT continued. At one point, the Kroeses asked American Family to waive its subrogation interests to facilitate a settlement. American Family refused. Eventually the Kroeses and IMT settled their dispute with $16,000 being paid to the Kroeses, and with $3,680.90 in subrogation monies being paid to American Family.

This suit arose when the Kroes's attorney sought from American Family his one-third contingency fee and administrative expenses incurred in recovering the subrogation monies. American Family declined to pay because no separate attorney fee agreement existed and because American Family felt it had already secured its subrogation recovery from IMT. The Kroeses then instituted a declaratory judgment petition.

Following a hearing, the district court concluded that sufficient evidence existed to indicate that payment of American Family's subrogation interest was at risk, necessitating involvement by the Kroes's attorney. Citing *Principal Casualty Insurance Co. v. Norwood*, 463 N.W.2d 66 (Iowa 1990), the district court held that American Family's responsibility under Iowa Code section 668.5(3) (1991) is to pay a pro rata share of the legal fees and administrative expenses incurred in obtaining the settlement recoveries. The court noted that the situation might have been different if American Family had notified the Kroeses that the company would handle its own subrogation recovery. American Family appeals.

Although this is a declaratory judgment action under Iowa Rule of Civil Procedure 267, we review it as any other judgment. Our scope of review is governed by how the case was tried in district court. *Grinnell Mut. Reins. Co. v. Voeltz,*

431 N.W.2d 783, 785 (Iowa 1988). This case was tried in equity, so our review is de novo. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7) (1992).

■ Relying primarily on the rule set forth in *Norwood*, the Kroeses contend they are entitled to recover from American Family a pro rata share of the legal and administrative expenses incurred in obtaining a reasonable settlement recovery from IMT which benefited American Family by protecting its subrogation interest. American Family, however, contends it had already made independent arrangements with IMT to secure its collision subrogation interest a full year prior to the time the Kroeses retained an attorney to pursue their own claims against IMT for property damages and past and future medical payments and pain and suffering. Consequently, American Family maintains it would be unjust to require the insurer to incur expenses for the recovery of money for the benefit of the insured's own interest.

We agree with the district court that sufficient evidence exists in the record to support the Kroes's contention that American Family's subrogation interest was at risk prior to the insured's attorney's involvement in the matter. In a letter to American Family dated June 9, 1987, IMT stated it would reimburse American Family for its damages *to the extent IMT's insured was considered liable.* However, IMT did not admit liability for the medical and property damages incurred by the Kroeses. To the contrary, IMT answered the Kroes's lawsuit on April 20, 1989, by denying the Kroes's allegations and raising comparative fault as a defense to the Kroes's claim.

Furthermore, American Family had been advised that Diana Kroes had engaged the services of counsel to recover her damages from IMT, and American Family was informed by IMT on September 18, 1989, that the Kroes's claim was in a lawsuit. Despite such notice, American Family failed to take adequate action to protect its subrogation rights. The supreme court in *Norwood* has stated:

> The general rule is that the insured may retain out of the fund recovered from the wrongdoer, after the payment of the policy, the costs and reasonable expenses incurred in the litigation, for it would be unjust to require him to incur expenses for the recovery of money for the benefit of the insurer, without being allowed to reimburse himself.

*Norwood*, 463 N.W.2d at 68 (citing 44 Am. Jur.2d Insurance § 1820, at 808 (1982)). The supreme court has succinctly stated:

> [T]he subrogee's responsibility under [Iowa Code] section 668.5(3) to pay a pro rata share of legal and administrative expenses incurred in obtaining a judgment or verdict against a third-party tortfeasor applies equally to settlement recoveries "to the extent that the settlement was reasonable."

*Id.* at 69; *see also* Iowa Code § 668.5(4) (1991).

No dispute over the reasonableness of the settlement exists in the present case. Accordingly, we affirm the district court's declaratory judgment requiring American Family to pay a pro rata share of the legal and administrative expenses for services rendered in protecting its subrogation interests.

**AFFIRMED.**