STATE of Iowa, Appellee,

v.

**Tanya Janean CASKEY, Appellant.**

No. 94–1395.

Supreme Court of Iowa.

Oct. 25, 1995.

Linda Del Gallo, State Appellate Defender, and Sarah E. Hennesy, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, and Thomas S. Mullin, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

PER CURIAM.

Tanya Janean Caskey appeals from her conviction, following a bench trial, for neglect of a dependent person, a class "C" felony, in violation of Iowa Code section 726.3 (1993). Caskey contends she was convicted under the wrong statute. We affirm.

The district court found Caskey guilty of neglect of a dependent person based on evidence that she had driven while intoxicated with her children, Dani, age three, and Sara, age eight, in the car. Caskey argues she should have been charged under section 726.6 for child endangerment which would be an aggravated misdemeanor in her case because the children did not suffer serious injury. *See* Iowa Code § 726.6(3). She claims her behavior did not warrant a class "C" felony classification. Caskey asserts the language and historical analysis of the neglect or abandonment of dependent person statute reveal the legislature did not intend for the statute to encompass a caretaker driving a motor vehicle while intoxicated.

In considering statutory questions our review is to correct errors of law. *State v. Sullins*, 509 N.W.2d 483, 485 (Iowa 1993). When a statute's terms are unambiguous and its meaning plain, there is no need to apply principles of statutory construction. *See State v. Bond*, 493 N.W.2d 826, 828 (Iowa 1992); *American Asbestos v. Eastern Iowa Community College*, 463 N.W.2d 56, 58 (Iowa 1990). We need only look at the plain and rational meaning of the precise language. *Id.* at 58.

Iowa Code section 726.3 (1993) provides:

*A person who is the* father, *mother,* or some other person *having custody of a child,* or of any other person who by reason of mental or physical disability is not able to care for the person's self, *who knowingly or recklessly exposes such person to a hazard or danger against which such person cannot reasonably be expected to protect such person's self* or who deserts or abandons such person, knowing or having reason to believe that the person will be exposed to such hazard or danger, *commits a class "C" felony.*

(Emphasis added.) According to the expert testimony, Caskey exposed her children to fifty to 100 times greater risk of injury or fatality from a car crash by her hazardous driving while intoxicated. This behavior clearly comes within the plain and rational meaning of the language in section 726.3. We thus do not need to look beyond the plain language to the legislative history of this section. Caskey was:

(1) a mother,

(2) in custody of her children, and

(3) recklessly exposed her children to a hazard or danger against which they could not be reasonably expected to protect themselves.

"The fact that two statutes provide different criminal penalties for essentially the same conduct is no justification for taking liberties with unequivocal statutory language." *State v. Perry*, 440 N.W.2d 389, 391 (Iowa 1989).

Moreover, contrary to Caskey's argument, driving her car with the children in it while she was intoxicated was neglectful of her natural and legal duty to not expose them to the hazard of injury or death. Such a seri-

ous neglect of duty warrants a class "C" felony classification.

■ Finally, Caskey- does not claim the child endangerment section is inconsistent with the neglect of a dependent person section. When two statutory provisions are reconcilable, the prosecutor has discretion to choose what charges to file. *State v. Peters,* 525 N.W.2d 854, 859 (Iowa 1994).

■ We find no abuse of prosecutorial discretion in charging Caskey with neglect of a dependent child. According to the plain and rational meaning of that statute's language, there was sufficient evidence to support Caskey's conviction. We thus affirm the district court judgment.

**AFFIRMED.**