Nancy S. KRAPFL and Thomas J. Krapfl, Appellants,

v.

FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee,

and

Paul Yearous d/b/a Paul Yearous Trucking and Mark Recker, Defendants.

No. 95–174.

Supreme Court of Iowa.

May 22, 1996.

Rehearing Denied June 14, 1996.

John Riccolo and David L. Baker of Riccolo & Baker, P.C., Cedar Rapids, for appellants.

Gene Yagla and Karla J. Shea of Yagla, McCoy & Riley, Waterloo, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

This appeal presents a dispute concerning whether a subrogated medical payment insurer, who intervened in plaintiffs' personal injury action, may be held responsible for a pro rata share of plaintiffs' attorney fees and litigation expenses in recovering damages from defendants. The district court interpreted our decision in *Principal Casualty Insurance Co. v. Norwood*, 463 N.W.2d 66 (Iowa 1990), as relieving the subrogated insurer from that responsibility. We disagree and reverse the judgment of the district court.

Plaintiffs, Nancy and Thomas Krapfl, are insured under a family auto policy purchased from the intervenor, Farm Bureau Mutual Insurance Company (Farm Bureau). When Nancy Krapfl was injured in an automobile collision involving defendants Paul Yearous and Mark Recker, she received medical payments of $10,000 under Farm Bureau's policy. Farm Bureau contacted defendants and asserted a subrogation interest in any claim that plaintiffs might make against them. Defendants' liability insurer responded, stating that it would protect Farm Bureau's interest in attempting to settle with plaintiffs. Later, Farm Bureau wrote plaintiffs' attorneys and informed them that if they filed suit on plaintiffs' behalf Farm Bureau would intervene to protect its own interests. Plaintiffs' attorneys responded by indicating that such intervention would not insulate Farm Bureau from responsibility for a pro rata share for attorney fees and expenses.

Eventually, the Krapfls filed an action against Yearous and Recker alleging that their negligence caused bodily injury to Nancy and loss of consortium to Thomas. Farm Bureau intervened in the action. In its prayer, it requested "that the court recognize its subrogation interest in this lawsuit and establish a lien for the amount of actual medical expenses paid." As intervenors, Farm Bureau filed requests for admissions and interrogatories directed to both the plaintiffs and defendants. Its attorney also appeared at a pretrial settlement conference.

The district court ordered that the intervenor would not be allowed to participate in any manner during the trial nor sit at counsel table. The case was settled prior to trial for the sum of $93,333.33. A dispute arose as to whether the intervenor would be required to pay a pro rata share of the attorney fees and expenses incurred by the plaintiffs in obtaining the settlement. Pending the resolution of that issue, the sum of $10,000 of the settlement proceeds was placed in trust.

At a hearing on the question of the intervenor's responsibility for fees and expenses, a lawyer for the tortfeasors, Yearous and Recker, testified that no action by the intervenor in any way contributed to the defendants' willingness to settle for the agreed sum. The only interaction between intervenor and defendants, according to this witness, was that defendants requested a compromise of the $10,000 subrogation interest, and the intervenor declined that request. The district court, relying on our decision in the *Norwood* case, determined that, when an insurer employs its own attorney and participates in an action to the extent of participating in discovery and settlement negotiations, it is not obligated to pay a pro rata share of plaintiffs' attorney fees and expenses.

■ The obligation of intervenor to pay a portion of plaintiffs' attorney fees and expenses from its share of the recovery is founded on subsections 3 and 4 of Iowa Code section 668.5 (1993). These subsections read as follows:

3. Contractual or statutory rights of persons not enumerated in section 668.2 for subrogation for losses recovered in proceedings pursuant to this chapter shall not exceed that portion of the judgment or verdict specifically related to such losses, as shown by the itemization of the judgment or verdict returned under section 668.3, subsection 8, and according to the findings made pursuant to section 668.14, subsection 3, and such contractual or statutory subrogated persons shall be responsible for a pro rata share of the legal and administrative expenses incurred in obtaining the judgment or verdict.

4. Subrogation payment restrictions imposed pursuant to subsection 3 apply to

settlement recoveries, but only to the extent that the settlement was reasonable.

In seeking to uphold the district court's ruling, the intervenor relies on the italicized language in the following quotation found in the *Norwood* decision:

"The [insurer's] real grievance lies in having to pay a fee to an attorney not of its own choice. Subrogation, however, is governed by equitable principles. *If the [insurer] had employed its own attorney and had actively participated in the action against [the tortfeasor] it could not fairly have been compelled to contribute to [the insured's attorney's] fee.* But when the insurance company has benefited from the work done by the insured's attorney there is no inequity in requiring it to bear its fair share of the collection expense."

*Norwood*, 463 N.W.2d at 68 (quoting *Washington Fire & Marine Ins. Co. v. Hammett*, 237 Ark. 954, 956, 377 S.W.2d 811, 813 (1964) (citations omitted)) (emphasis added). Because the *Norwood* case involved the factual situation in which the subrogated party had not participated in the action, it is fair to say that the principle for which the language of the Arkansas case was quoted is found in the final sentence of that quotation. The italicized portion of the quotation does not fairly reflect the Iowa law on this issue.

In *Kirkpatrick v. Patterson*, 172 N.W.2d 259 (Iowa 1969), we considered a situation in which a workers' compensation insurer had intervened in the employee's suit against a third person. The insurance carrier asserted that it should not be required to pay any portion of the employee's attorney fees in securing recovery because it had hired its own attorneys to represent it as an intervenor. We rejected that contention but indicated that the activities of intervenor's attorneys might be considered in determining the amount of the employee's fees that might fairly be charged against the subrogee's portion of the recovery. *Id.* at 271.

Viewing the activities of intervenor's counsel in the present case, it is apparent that their activities were limited to protecting intervenor's right to satisfy its subrogation interest from the sums recovered through the efforts of the plaintiffs' attorneys. The pres-

ence in the case of intervenor's attorneys in no way diminished the role of plaintiffs' attorneys in securing recovery of the entire sum from defendants. Consequently, the actions of intervenor's attorneys should not diminish the intervenor's responsibility under sections 668.5(3) and (4) for a pro rata share of a reasonable attorney fee for collecting the entire amount paid by defendants' insurance carrier.

The result that we reach in the present case is, we believe, that which should ordinarily prevail in subrogation actions in which the subrogee's interest only extends to a portion of the entire claim. We described the subrogee's role in such situations as follows in *United Security Insurance Co. v. Johnson*, 278 N.W.2d 29 (Iowa 1979):

"[A]n insurer who has paid a loss is thereby subrogated (to the extent of the payment) to the rights of the insured; that, where the insurance payment covers the entire loss, the insurer becomes the party in interest and may bring an action; that, where the insurance covers only a portion of the loss, the right of action remains in the insured for the entire loss, the insured becoming a trustee for the insurer (to the extent of the loss paid by the insurer) in the recovery secured by it; that the right of action for the entire loss is single and cannot be split and separately maintained by the owner and the various insurers who have paid parts of the loss."

*Id.* at 30–31 (quoting *Firemen's Ins. Co. v. Bremner*, 25 F.2d 75, 76 (8th Cir.1928)). Although there is language in the *Johnson* case indicating that a subrogee may join with a subrogor in an action against a tortfeasor, we have recognized that such joinder requires the consent of the subrogor. *Caligiuri v. Des Moines Ry.*, 227 Iowa 466, 468–69, 288 N.W. 702, 702–03 (1939). Absent such consent a subrogated party that has paid only a portion of the entire loss has no right to claim directly against the tortfeasor in competition with a subrogor who is actively pursuing the entire claim.

We have recognized the right of the subrogee to intervene in the subrogor's action against a tortfeasor. *Mata v. Clarion Farmers Elevator Co-op.*, 380 N.W.2d 425,

427 (Iowa 1986); *Johnson,* 278 N.W.2d at 31; *Peters v. Lyons,* 168 N.W.2d 759, 761–63 (Iowa 1969); *Price v. King,* 255 Iowa 314, 318–20, 122 N.W.2d 318, 321–22 (1963); *Rursch v. Gee,* 237 Iowa 1391, 1398, 25 N.W.2d 312, 315 (1946); *Cawley v. Peoples Gas & Elec. Co.,* 193 Iowa 536, 549, 187 N.W. 591, 598 (1922). We are convinced, however, that, absent some inability or unwillingness of the subrogor to adequately pursue the entire claim, the role of the intervening subrogee should be limited to seeking satisfaction of its subrogation interest from those sums recovered through the efforts of the subrogor.[1] That should ordinarily not be a factor in the apportionment of the subrogor's attorney fee under section 668.5.

We have considered all issues presented and conclude that the judgment of the district court must be reversed. Because the district court made no finding on the reasonableness of plaintiffs' attorney fees for collecting the entire sum recovered, the case is remanded to the district court for that purpose and for the determination of the litigation expenses reasonably incurred in pursuing the claim. The intervenor shall pay from its portion of the total recovery a pro rata share of the reasonable attorney fees and expenses thus fixed by the district court.

**REVERSED AND REMANDED.**

---

1. In *Mata,* 380 N.W.2d at 430, we found that an intervenor-subrogee could file an amendment enlarging the subrogor's claims of negligence against the defendants. Further reflecting on this matter, we conclude that this should only be permitted if it is clearly necessary to protect the subrogee's interests.