**Thereasa AHLERS, Appellee,**

v.

**EMCASCO INSURANCE COMPANY, Appellant,**

**and**

**Stephen Fosdick, Defendant.**

No. 95–504.

Supreme Court of Iowa.

May 22, 1996.

Rehearing Denied July 26, 1996.

Jill M. Augustine, Des Moines, and Steve E. Ort, New London, for appellant.

Patricia Zamora of Zamora, Taylor & Walters, Davenport, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

This dispute concerns whether a workers' compensation insurance carrier that is entitled to be indemnified from a third-party recovery by an injured employee must pay a

one-third contingent fee claim of the employee's attorney for the latter's efforts in obtaining a settlement for a sum less than the workers' compensation lien. The plaintiff, Thereasa Ahlers, received approximately $35,000 in workers' compensation benefits after being injured while driving a school bus in the course of her employment. She subsequently brought a suit against the driver of the vehicle that struck the school bus. EMCASCO Insurance Company (EMCASCO), the workers' compensation carrier for her employer, intervened in the action in order to protect its right of indemnification and lien for workers' compensation benefits paid.

The record reflects that EMCASCO had carried on substantial correspondence concerning its lien rights with the liability insurance carrier for the defendant in advance of any contact with that carrier by plaintiff's attorneys. EMCASCO claims that these efforts were the catalyst that produced the settlement involving the payment of the policy limits by defendant's insurance carrier. At the hearing on apportionment of attorney fees a representative of defendant's insurance company indicated that it had decided to tender the policy limits before suit was filed but had not communicated that decision to Thereasa or her attorney. This witness also indicated that neither Thereasa nor her attorney had been informed of the policy limits.

In asserting that EMCASCO's recovery of indemnification from the tendered policy limits should be reduced by attorney fees measured by Thereasa Ahlers' contract with her attorneys, the appellee stresses that the claim is one of indemnification and not subrogation. She argues that EMCASCO had no right in its own behalf to pursue any claim against defendant's insurance carrier unless Thereasa failed to commence an action after being notified to do so under Iowa Code section 85.22(2) (1993). Because, appellee asserts, EMCASCO is an indemnitee rather than a subrogee, it has no claim except as to the residuum of the recovery after payment of attorney fees incurred by Thereasa. Without expressly adopting appellee's legal theory, the district court found that the one-third contingent fee contract was reasonable, and fixed the amount of EMCASCO's indemnification as the tendered policy limits diminished by the amount of that fee.

EMCASCO argues that, in determining the extent to which a workers' compensation payor's indemnification rights are to be reduced by the employee's attorney fee, the court must take account of the compensation payor's own efforts to obtain reimbursement. As support for this argument, EMCASCO relies on this court's decision in *Kirkpatrick v. Patterson*, 172 N.W.2d 259 (Iowa 1969).

In *Kirkpatrick*, as in the present case, a workers' compensation insurance carrier had made payment to an injured employee of sums exceeding the policy limits of the third-party tortfeasor's liability insurance. The tortfeasor's insurance carrier offered to settle for a sum within $250 of its policy limits. The employee refused the settlement and brought suit. The workers' compensation insurance carrier intervened in the action. Later, the employee accepted settlement for a sum equaling the policy limits. The entire amount of that settlement was subject to the workers' compensation carrier's indemnity rights.

The district court in *Kirkpatrick* approved payment of a one-third contingent fee to the employee's attorney from the proceeds recovered. The workers' compensation insurance carrier objected. We stated the arguments as follows:

> Employer's insurance carrier argues no fee should be allowed as it intervened and employed counsel of its own and at no time did employee's counsel represent its interest.... The insurance carrier cannot escape the statutory duty to pay plaintiff's attorney such fees as may reasonably be allowed by the trial court by employing counsel of its own and intervening, but the services tendered by insurer's counsel in settlement or prosecution of the lawsuit may have a bearing on attorney fees allowed plaintiff's counsel.

*Kirkpatrick*, 172 N.W.2d at 261. The judgment of the district court was reversed on the ground that the record was not sufficient to allow an effective review of the reasonableness of the fee under all of the circumstances of that case.

Some language contained in the *Kirkpatrick* decision might be interpreted as suggesting that a contingent fee agreement, which is reasonable as to the employee, may not be used as the basis for allocating fees to the indemnitee's share of the recovery. We do not believe that *Kirkpatrick* stands for that proposition. We approved a one-third contingent fee from the compensation carrier's share of an award in *Farris v. General Growth Development Corp.*, 381 N.W.2d 625, 626–27 (Iowa 1986), based on the employee's agreement with his lawyer.

The reversal of the district court's judgment in *Kirkpatrick* was based on the absence of an adequate record from which to determine the reasonableness of the fee allocation based on all of the circumstances of the case. In the present case, that record is before us. Although the workers' compensation insurance carrier expended considerable efforts in preserving its lien rights, that is a routine practice in the event of third-party actions under Iowa Code section 85.22. We recognized in *Krapfl v. Farm Bureau Mutual Insurance Co.*, 548 N.W.2d 877 (1996) (also decided this date) that the actions of a subrogated party in protecting its right to satisfy that subrogation interest from sums recovered through the efforts of the plaintiff's attorneys did not diminish the subrogated party's responsibility for a pro rata share of a reasonable attorney fee for collecting the entire sum. *Id.* at 879. That decision was based on our interpretation of the provisions of subsections 3 and 4 of Iowa Code section 668.5. We believe that similar considerations should prevail in apportioning fees under section 85.22(1).

The suit initiated by Thereasa involved a rear end collision in which the defendant's liability was seemingly clear. We recognize that, if she had not brought the action and EMCASCO had activated its right to pursue the claim under section 85.22(2), it might have recovered the policy limits through negotiations with defendant's insurer without the necessity of incurring an attorney fee obligation. But, Thereasa did retain the right to seek recovery for damages exceeding EMCASCO's interest and brought suit for that purpose. Although, as things turned out, the limited collectibility of her claim left her with no actual economic interest in the amount collected, she did not know that this would be the case until after suit was commenced. Any diminishment of EMCASCO's net recovery as a result of Thereasa's efforts to control the case is an inescapable consequence of the subservient legal status enjoyed by a partial subrogee or indemnitee.

We think that fairness of the fee to the lawyer's client is always a primary consideration in deciding apportionment of fees under both section 85.22(1) and section 668.5. Allocation of that fee then depends on those factors that represent a fair apportionment of the total award. In the present case, because the workers' compensation insurance carrier received 100% of the award, we see no reason why it should not be burdened with 100% of a fee that the district court found to be fair and reasonable between Thereasa and her attorney.

We have considered all issues and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**