**ASPELMEIER, FISCH, POWER, WARNER & ENGBERG, Appellee,**

v.

**ALLIED GROUP INSURANCE COMPANY, Appellant.**

No. 95–1648.

Supreme Court of Iowa.

Dec. 18, 1996.

John B. Grier and Merrill C. Swartz of Cartwright, Druker & Ryden, Marshalltown, for appellant.

Patrick L. Woodward of Aspelmeier, Fisch, Power, Warner & Engberg, P.L.C., Burlington, for appellee.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Allied Group Insurance Company (Allied) appeals from a judgment making it responsible for a share of the attorney fees incurred by its insured, Kathleen M. Little, in prior litigation. That litigation produced a recovery by Little of $586,684 against third-party tortfeasors. Allied was subrogated to $37,851 of the total recovery.

This separate action in equity was subsequently commenced against Allied by Little, who sought recovery of a pro rata share of her out-of-pocket litigation expenses, and Little's lawyers, Aspelmeier, Fisch, Power, Warner & Engberg (Aspelmeier), who sought recovery of a pro rata share of their attorney fees. Before trial Little dismissed her claim without prejudice. Aspelmeier proceeded to try its claim. The resulting judgment determined that Allied was bound to contribute $10,339 toward Aspelmeier's fees. After reviewing the record and considering the arguments of the parties, we affirm the judgment of the district court.

The action that precipitated the present dispute arose from an automobile accident in which Little had been involved. She was insured by Allied, who paid her $12,851 for property damages and $25,000 for medical expenses. Allied later intervened in Little's tort action seeking to protect its subrogation interest. The extent of its involvement in that action will be discussed later in this opinion. After Little recovered judgment for $586,684 in the tort action, Allied successfully moved to have that judgment amended to provide that Allied recover judgment in its

own name against the tortfeasors for the sum of $37,851.

The funds received in satisfaction of the judgment were segregated and $37,851 of those funds is being held as a res to abide the determination of the present dispute. The district court allowed Aspelmeier to foreclose an attorney fee lien against that res in the amount of $10,339. Other facts that are material to the controversy will be considered in our discussion of the legal issues that are presented.

### I. *Application of Controlling Case Law.*

The issues presented in this dispute are in most particulars similar to those recently before us in *Bride v. Heckart,* 556 N.W.2d 449 (Iowa 1996); *Ahlers v. EMCASCO Insurance Co.,* 548 N.W.2d 892 (Iowa 1996); and *Krapfl v. Farm Bureau Mutual Insurance Co.,* 548 N.W.2d 877 (Iowa 1996). In *Krapfl* we held that absent the consent of the subrogor a subrogated party that has paid only a portion of the entire loss has no right to claim directly against the tortfeasor in competition with a subrogor who is actively pursuing the entire claim. *Id.* at 879.

We further concluded in *Krapfl* that (1) in such cases the role of an intervening subrogee should be limited to seeking satisfaction of its subrogation interest from those sums recovered through the efforts of the subrogors, and (2) those efforts should ordinarily not be a factor in the apportionment of the subrogors' attorney fee. *Id.* at 880. The *Krapfl* case involved the application of Iowa Code section 668.5 (1995). In *Ahlers* and *Bride* we found that similar principles apply in attorney fee apportionment for purposes of workers' compensation indemnity claims. *Ahlers,* 548 N.W.2d at 894; *Bride,* 556 N.W.2d at 454–55.

■ During the trial of Little's tort claim, the attorney for the intervenor, Allied, was present and sat at the counsel table for each of the ten days of the trial. That attorney was allowed two strikes in jury selection, was permitted to question prospective jurors concerning their views on insurance, made an introductory statement to the jury, joined in stipulations concerning medical bills and property damage, and submitted proposed jury instructions and interrogatories. That degree of participation on Allied's part went well beyond that to which an intervenor would have been entitled had Little chosen to make an issue of it. *See Bride,* 556 N.W.2d at 454–55 (generally intervening subrogee should not actively participate in trial of action).

■ Notwithstanding the fact that Allied had some active participation in Little's action, the district court found in connection with the present fee dispute that this participation was as a "caretaker/baby-sitter pursuant to the dictates of Allied." The court determined Allied's share of Aspelmeier's fee to be one-third of the amount recovered on the subrogation portion of the claim less a reduction of $2966 for a portion of Allied's own attorney's efforts in the case.

■ The district court did not have the benefit of our *Ahlers* opinion at the time it made its decision. Based on the conclusions reached in that case, we believe that the entire recovery, including that recovered on the subrogation portion of the claim, should have ratably been applied in payment of Aspelmeier's one-third contingent-fee agreement. That result does not turn on a quantification of Allied's efforts in the litigation but rather on an evaluation of its role in the litigation. Allied's only proper role in the litigation was to protect its right to reimbursement from such recovery as might be made through the efforts of Little's attorneys. The efforts of Allied's attorneys in that role should not have been a factor in the apportionment of Aspelmeier's fee under section 668.5(3). This leads to the conclusion that Aspelmeier was entitled to foreclose its attorney's lien in a larger amount than allowed by the district court rather than a smaller amount as claimed by Allied. Because Aspelmeier did not appeal, however, it must be satisfied with the sum that the district court allowed.

### II. *Significance of "Persons Not Enumerated" Language in Section 668.5(3).*

■ Allied has argued that the *Krapfl* analysis disregards the language of section

668.5(3) that directs its application toward "persons not enumerated in section 668.2."[1] We disagree. The context of this legislation suggests quite strongly that the language Allied seizes upon refers to parties who in the ordinary course of things are entitled to recover judgment in their own name. A person or entity partially subrogated to a claimant's right of recovery does not fall within this category.

Although a partial subrogee may intervene in the case pursuant to Iowa Rule of Civil Procedure 75, the substantive dimension of the intervenor's interest is such that it has no right to obtain a judgment in its own name. *Krapfl*, 548 N.W.2d at 879; *United Sec. Ins. Co. v. Johnson*, 278 N.W.2d 29, 30–31 (Iowa 1979). This limitation on Allied's rights was not altered by the fact that the judgment was ultimately amended to reflect its interest. That circumstance must be characterized as an attempt to seek satisfaction of a subrogation interest from the sums already recovered through Little's efforts. We need not decide whether the procedure of dividing the judgment was a proper remedy to obtain that goal. It is sufficient to conclude, as we do, that this was not a factor that bears on the apportionment of Aspelmeier's fees.

### III. *Allied's Right to Trial by Jury.*

As a final matter we consider and reject Allied's contention that the district court erred in not transferring the case to the law docket and honoring its demand for jury trial. The district court concluded that the matter was properly tried as an action in equity because it related to foreclosure of a lien against a res. That ruling was consistent with the holding of this court concerning the foreclosure of an attorney's lien on funds in the possession of the clerk of court. *See Senneff, Bliss, Witwer & Senneff v. Sharpe*, 187 Iowa 790, 793, 174 N.W. 491, 492 (1919).

We conclude that a similar result should prevail where, as here, the attorney's lien has been transferred to funds held in the trust account of Little's attorneys.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed. We take no action on the pending application to this court for release of funds. That issue should be submitted for decision by the district court following its receipt of our procedendo.

**AFFIRMED.**

---

1. This statute reads as follows:

   Contractual or statutory rights of persons not enumerated in section 668.2 for subrogation for losses recovered in proceedings pursuant to this chapter shall not exceed that portion of the judgment or verdict specifically related to such losses, as shown by the itemization of the judgment or verdict returned under section 668.3, subsection 8, and according to the findings made pursuant to section 668.14, subsection 3, and such contractual or statutory subrogated persons shall be responsible for a pro rata share of the legal and administration expenses incurred in obtaining the judgment or verdict. Iowa Code § 668.5(3) (1995).