# IN THE COURT OF APPEALS OF IOWA

No. 19-0066
Filed February 5, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THOMAS EUGENE CALHOUN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        Thomas Calhoun appeals his convictions for operating while intoxicated and neglect or abandonment of a dependent person.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


        Considered by Greer, P.J., Schumacher, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

Thomas Calhoun appeals his convictions for operating while intoxicated (OWI)—third offense and two counts of abandonment or neglect of a dependent person.[1] Following a jury trial, the court sentenced him to terms of incarceration not to exceed five years for OWI and ten years for each charge of neglect or abandonment, all to run concurrently to each other, plus fines and surcharges. On appeal, he argues his trial counsel was ineffective for failing to move for judgment of acquittal on the basis of insufficient evidence to prove intoxication.[2]

"We review ineffective-assistance-of-counsel claims de novo." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To prove ineffective assistance of counsel, Calhoun "must demonstrate (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* He "must prove both elements by a preponderance of the evidence." *Id*.

To convict Calhoun of OWI, the State must prove he operated a vehicle while intoxicated. *See* Iowa Code § 321J.2(1) (2018); *State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998). Proof that he committed OWI while his children were in the vehicle would support his conviction for neglect or abandonment of a dependent person. *See* Iowa Code § 726.3; *State v. Caskey*, 539 N.W.2d 176, 177 (Iowa 1995).

---

[1] Calhoun was also convicted of driving while barred, receiving a term of incarceration not to exceed two years in the same proceeding. He does not appeal from that conviction and sentence.

[2] Effective July 1, 2019, the Iowa legislature prohibited ineffective-assistance-of-counsel claims on direct appeal. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7). Because Calhoun's appeal was pending on July 1, 2019, the State concedes this statutory change does not apply here and his ineffective-assistance claim is properly before us. *See State v. Macke*, 933 N.W.2d 226, 230–36 (Iowa 2019).

"Substantial evidence exists to support a verdict when the record reveals evidence that a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004). "In making this determination, '[w]e view the evidence in the light most favorable to the verdict,' including all reasonable inferences that may be deduced from the record." *Id.* (alteration in original) (quoting *State v. Gay*, 526 N.W.2d 294, 295 (Iowa 1995)). "[I]f the record reveals substantial evidence, counsel's failure to raise the claim of error could not be prejudicial," and we must reject the ineffective-assistance claim. *Id.* at 616.

On April 14, 2018, Calhoun was driving southbound on Merle Hay Road in Des Moines when his vehicle appeared to stall in the road. He briefly struggled to open the driver's side door. He then kicked the glass out of the door's window, crawled out the opening, and walked away from the vehicle. His two children, ages nine and eleven, also exited the vehicle and stood in a parking lot next to the road. As Calhoun walked away, he removed his sweatshirt and threw it in the middle of the street, leaving only a tank top on his upper body on a cold and rainy April day.

Des Moines police soon located Calhoun standing outside a nearby business. Officer Parker Day arrived on the scene first. He testified Calhoun was unable to respond verbally, seemed disassociated from reality, and was "grunting and clenching up." Officer Craig Vasquez arrived shortly thereafter, and he testified Calhoun was underdressed for the cool weather, "appeared to be very agitated," and "was flexing his arms." Based on their observations, both officers suspected Calhoun was under the influence of PCP or a similar drug. Calhoun's mother also arrived at the scene, and she testified she told officers she believed he was under the influence of something at the time. The officers' body camera

footage recorded her at the business attempting to reassure people that Calhoun "is gonna come down."

Officer Cody Grimes then arrived. He testified Calhoun's behavior was "amped up" and "erratic," and he agreed Calhoun's behavior was consistent with being under the influence of PCP. He performed the horizontal gaze nystagmus (HGN) test on Calhoun, observing all six of the test's clues for intoxication. Officer Grimes took Calhoun to the Polk County Jail, where he was unwilling or unable to properly blow for a preliminary breath test and refused to provide a urine sample for testing.

We find the witnesses' testimony described above, as supported by the officers' body camera footage, provides sufficient evidence to support Calhoun's convictions. Calhoun argues for an opposite finding, noting no one testified they saw him use any illegal substance and his mother only speculated he was under the influence at the time. Calhoun was able to present these arguments to the jury, and the jury was entitled to reject these arguments in reaching its verdict. Even considering his evidentiary arguments, the verdict is still supported by substantial evidence. Therefore, his counsel was not ineffective for failing to move for judgment of acquittal on the basis of insufficient evidence, and we affirm his convictions for OWI and neglect or abandonment of a dependent person.[3]

**AFFIRMED.**

---

[3] Calhoun alternatively asks us to consider his insufficient-evidence claim under the plain-error doctrine. Our supreme court has expressly declined to adopt a plain-error rule. *See State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997). "We are not at liberty to overturn Iowa Supreme Court precedent," and we do not consider Calhoun's plain-error arguments. *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).